UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

SENETHA MONTGOMERY,

      Plaintiff,

-v.-

APPLIED BANK, a Delaware corporation,

      Defendant.

CIVIL ACTION NO. 5:11-0698
Case No. 11-C-765-K

## NOTICE OF REMOVAL

Defendant Applied Bank (hereinafter "Applied Bank" or "Defendant"), by Reed Smith, LLP, their attorneys, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal of a certain action pending in the Circuit Court of Raleigh County, West Virginia. The grounds for removal are as follows:

1. On August 19, 2011, Plaintiff Senetha Montgomery filed a lawsuit in the Circuit Court of Raleigh County, West Virginia entitled "Senetha Montgomery v. Applied Bank, a Delaware corporation," which lawsuit was docketed as Case No. 11-C-765-K.

2. On September 7, 2011, Applied Bank was served with summons. A copy of the Summons, Complaint and Docket Sheet are attached hereto as Exhibit "A."

3. Plaintiff seeks recovery for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the West Virginia Consumer Credit and Protection Act and West Virginia Code § 61-3C-14a.

4. Pursuant to 28 U.S.C. §1332, this court has original jurisdiction over Plaintiff's matter in controversy as Plaintiff requests relief that could exceed the sum of $75,000 and is between citizens of different states.

5. Pursuant to 28 U.S.C. § 1331, this court has original jurisdiction over Plaintiff's matter in controversy contains a federal question.

6. This Notice of Removal has been filed with this court within thirty (30) days following service of summons and complaint.

7. Applied Bank will, after filing this Notice of Removal, promptly give notice to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Raleigh County, West Virginia.

**WHEREFORE**, Applied Bank requests that the above-described action pending against in the Circuit Court of Raleigh County, West Virginia, be removed to this Court and to grant Defendant such further relief to which it may be entitled.

Respectfully submitted

_____
Joshua D. Verdi
REED SMITH LLP
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
(412) 288-3304

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within and foregoing has been served upon counsel of record this 4th day of October, 2011, by causing a copy of same to be deposited in the United States mail, postage prepaid, and properly addressed as follows:

>Paul W. Roop II
>ROOP Law Office, LC
>P.O. Box 1145
>Beckley, WV 25801
>
>*Attorney for Plaintiff*

_____
Joshua D. Verdi

# **EXHIBIT A**

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV  25305



9171 9237 9000 1000 5222 86



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

**RECEIVED
APPLIED BANK
SEP 1 3 2011
LEGAL DEPARTMENT**

| | |
|---|---|
| ControlNumber: | 321469 |
| Defendant: | APPLIED BANK |
| County: | 41 |
| | 9/7/2011 |
| Civil Action: | 11-C-765-K |

APPLIED BANK
ROCCO A. ABESSINIO
601 DELAWARE AVENUE
WILMINGTON DE  19801

I am enclosing:

| | | |
|---|---|---|
| ____ summons | ____ affidavit | _1_ summons and complaint |
| ____ notice | ____ answer | ____ summons and verified complaint |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ notice of materialmans lien |
| ____ suggestions | ____ notice to redeem | ____ notice of mechanic's lien |
| _1_ interrogatories | _1_ request for production | ____ notice of uim claim |
| ____ discovery | _1_ request for admissions | ____ subpoena duces tecum |
| ____ suggestee execution | ____ re-issue of uim claim | ____ Other |
| ____ subpoena | ____ writ | |
| ____ stipulation | ____ writ of mandamus | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

## SUMMONS

## CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

**SENETHA MONTGOMERY,**

    Plaintiff,

**vs.**                                                                                             CIVIL ACTION NO. 11-C-765-K

**APPLIED BANK a Delaware corporation,**

    Defendant.

**To the above-named Defendant:**      Applied Bank
c/o Rocco A. Abessinio
601 Delaware Avenue
Wilmington, DE 19801

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Paul W. Roop, II, Attorney-at-Law,** plaintiff's attorney, whose address is **P.O. Box 1145, Beckley, West Virginia 25802**, an answer, including any related counterclaim you may have, to the complaint if filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within __30__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _Aug 19, 2011_

                                                                                                     _Paul H. Flanagan_
                                                                                                            Clerk of Court

[Stamp: SECRETARY OF STATE OF WEST VIRGINIA 2011 SEP -7 AM 9:16 ACCEPTED FOR SERVICE OF PROCESS]

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

SENETHA MONTGOMERY,

    Plaintiff,

vs.                                         CIVIL ACTION NO. 11-C- 765-B

APPLIED BANK a Delaware corporation,

    Defendant.

## COMPLAINT

1. The Plaintiff, Senetha Montgomery, is a resident of Raleigh County, West Virginia.
2. The Plaintiff, Senetha Montgomery, is a person who falls under the protection of the *Telephone Consumer Protection Act, 47 U.S.C. §227* [hereinafter "*TCPA*"].
3. The defendant Applied Bank [hereinafter, "Applied Bank"] is an Delaware corporation with its principal place of business at 601 Delaware Avenue Wilmington, Delaware, 19801. The said Defendant is a debt collector as defined by the *West Virginia Consumer Credit and Protection Act* and does business in Raleigh County, West Virginia by extending auto loans to persons residing in said County and State. The said Defendant further transacts debt collection activity in said County and State. The said Defendant may be served through the West Virginia Secretary of State by forwarding a copy of process to Rocco A. Abessinio, 601 Delaware Avenue Wilmington, Delaware, 19801.
4. The calls described below which were placed by the Defendant were placed utilizing an "automatic telephone dialing system" or "artificial or prerecorded voice" as those terms are used in 47 U.S.C. §227.
5. The Defendant maintains records of each call placed to the Plaintiff regarding her account by date, time called, duration of call, the identity of Defendant's employee or representative and notes or codes placed upon such record by the Defendant's employee or representative.
6. The Defendant called Plaintiff repeatedly using an automatic telephone dialing system or an artificial or prerecorded voice beginning, at least, on February 6, 2011 at which time the Plaintiff expressly revoked any permission which Defendant might have had to place any calls to the Plaintiff's cellular telephone.
7. From February 6, 2011 through June 29, 2011, the Defendant knowingly placed not less than five hundred fifty five (555) calls to the Plaintiff's cellular telephone utilizing an automatic telephone dialing system or artificial or prerecorded voice without the express consent of the Plaintiff.

8. In addition to the not less than five hundred fifty five (555) calls placed by Defendant using an automatic telephone dialing system or artificial or prerecorded voice, as described in the preceding paragraph, the Defendant placed other calls to the Plaintiff after the latter date set forth in the preceding paragraph through the date of filing the herein complaint by use of an automatic telephone dialing system or artificial or prerecorded voice.
9. At no time did the Plaintiff expressly authorize the Defendant to make calls to the Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.
10. Based upon information and belief, the Defendant was aware that the initiation of calls to a cellular phone such as that of the Plaintiff is likely to cause the recipient to incur charges.
11. Based upon information and belief, the Defendant placed calls to the Plaintiff with the intent to annoy, harass and threaten the Plaintiff.
12. As a result of the foregoing actions, the Plaintiff has been annoyed, aggravated, harangued, and otherwise damaged.

## COUNT ONE
### {Strict Liability for Violation of *TCPA*}

13. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.
14. The Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff.
15. Alternatively, Defendant has violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendant to place such calls.
16. The foregoing violations of the TCPA were committed willfully or knowingly by the Defendant or its agents.

## COUNT TWO
### {Violation of West Virginia Consumer Credit and Protection Act}

17. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.
18. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act* [hereinafter, "WVCCPA"], including but not limited to:
    a. Engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;
    b. Causing the Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

    c.    Using generally unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128 by placing calls to the Plaintiff on Plaintiff's cellular or residential telephone using an automatic telephone dialing system or artificial or prerecorded voice without the express permission of the Plaintiff or after such permission was revoked in violation of the *TCPA;* and

    d.    Violating W.Va. Code §46A-2-125 by using a computer, with the intent to harass or abuse the Plaintiff, to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of W.Va. Code §61-3C-14a.

## COUNT THREE
### *{Violation of West Virginia Code §61-3C-14a}*

19. The Plaintiff incorporates Paragraphs 1 through 18 as stated above.
20. The Defendant, in violation of *West Virginia Code §61-3C-14a,* made repeated telephone calls to or contacts with Plaintiff by using a computer, with the intent to harass or abuse the Plaintiff, after being requested by the Plaintiff to desist.
21. Pursuant to *West Virginia Code §55-7-9,* any person injured by the violation of a statute may recover from the offender such damages as may be sustained by reason of the violation.
22. The violation of the aforesaid statute caused injury to the Plaintiff, including annoyances, inconvenience, aggravation and emotional distress.
23. The Defendant's violation of the aforesaid statute was intentional and malicious.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for actual damages, statutory damages on Counts I and II pursuant to both the TCPA and the WVCCPA, as permitted, and actual damages, and punitive damages on Count III, as well as reasonable attorney's fees, costs and for such other and further relief as this Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                            SENETHA MONTGOMERY
                                            By Counsel

Paul W. Roop, II
**ROOP LAW OFFICE, LC**
P.O. Box 1145
Beckley, WV 25801
WV State Bar # 5406
(304) 255-7667

```
CASE 11-C-765            RALEIGH                              PAGE 0001

SENETHA MONTGOMERY          vs. APPLIED BANK


LINE   DATE     ACTION

  1  08/19/11   CASE FILED-ISSUED SUMMONS AND COMPLAINT AND RETURNED TO ATTY FOR
  2             SERVICE. CNS/BJC
  3  09/02/11   CERTIFICATE OF SERVICE PLAITNIFFS FIRST ET OF INTERROGATORIES
  4             REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION
  5             TO DEFENDANTS (APPLIED BANK)          PC     (JED)
  6  09/09/11   SEC OF STATE ACCEPTED FOR SERVICE OF PROCESS (APPLIED) PC (BLS)
```